## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

**May 23, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re*: C.D., A.D., and K.D.

**No. 15-0823** (Wayne County 14-JA-17, 14-JA-18, & 14-JA-19)

## MEMORANDUM DECISION

Petitioner Mother R.N., by counsel D. Geoffrey Varney, appeals the Circuit Court of Wayne County's June 3, 2015, order terminating her parental rights to twelve-year-old C.D., eleven-year-old A.D., and seven-year-old K.D. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed its response in support of the circuit court's order and a supplemental appendix. The guardian ad litem, Alison R. Gerlach, filed a response on behalf of the children also in support of the circuit court's order.[1] Petitioner filed a reply. On appeal, petitioner alleges that there was insufficient evidence to support the circuit court's orders.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In March of 2014, the DHHR filed an abuse and neglect petition against petitioner and the children's father S.D. As to petitioner, the DHHR alleged that she physically abused C.D., tested positive for marijuana and cocaine, and failed to provide the children with a suitable home. Shortly thereafter, the circuit court held an adjudicatory hearing during which petitioner

---

[1]The guardian's response to this Court failed to include a section regarding the status of the children. Such information is of the utmost importance to this Court. The guardian's response also failed to cite to the record on appeal. We refer the guardian to Rules 10(c) and 11(j) of the Rules of Appellate Procedure, which require briefs in abuse and neglect appeals to contain a section on the status of the children and require all respondents' briefs and summary responses to clearly exhibit appropriate citations to the record on appeal. We decline to employ its use in this matter, but we caution the guardian that Rule 10(j) provides for the imposition of sanctions where a party's brief does not comport with the Rules.

[2]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

stipulated to allegations in the petition. Petitioner admitted that she abused illegal substances and failed to provide the children with appropriate housing.

In June of 2014, petitioner filed a motion for an improvement period which the circuit court granted. The terms and conditions of the improvement period required petitioner to participate in long-term drug rehabilitation, submit to random drug screens, and attend individualized parenting classes. The circuit court also granted petitioner supervised visitation with the children. Subsequently, the circuit court granted petitioner an extension of her improvement period.

In March of 2015, the circuit court held a review hearing on the status of petitioner's extended improvement period during which it heard testimony that petitioner was substantially compliant with the terms and conditions of her improvement period. By order entered April 9, 2015, the circuit court set a dispositional hearing following the completion of petitioner's extended improvement period.

On May 15, 2015, the circuit court held its first dispositional hearing during which it heard testimony from petitioner's caseworker. The caseworker testified that petitioner's drug screens were negative and that she participated in supervised visitations. However, the caseworker also testified that petitioner was "inconsistent" in attending drug rehabilitation and failed to attend individualized parenting classes. Furthermore, on cross-examination by petitioner's counsel, the caseworker disclosed that petitioner allegedly exposed K.D. to an individual that previously molested her. Thereafter, the circuit court granted S.D.'s motion to continue. During the continued dispositional hearing on May 29, 2015, S.D.'s counsel continued to cross-examine petitioner's caseworker. S.D. also testified in his defense. Thereafter, the circuit court explicitly asked petitioner, who was then represented by stand-in counsel, whether she had "any witnesses or evidence at disposition," to which she replied "No, Your Honor. [Counsel] basically directed me that he made his arguments the last time at the dispositional hearing on [May] 15, [2015,] and that there have been no new developments on [petitioner]'s behalf[.]" By order entered June 3, 2015, the circuit court found that petitioner failed to successfully complete her improvement period and terminated her parental rights. This appeal followed.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record

2

viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in finding that she failed to successfully complete her extended improvement period. While petitioner is correct that the circuit court's April 7, 2015, order[3] found that petitioner "has been substantially compliant," the circuit court set the matter for final disposition because petitioner's extended improvement period had yet to reach its natural conclusion. While petitioner argues that the caseworker's testimony that she participated in visitation and passed all of her drug screens was sufficient to prove that she completed her extended improvement period, she ignores the caseworker's other relevant testimony. We have long held that "in the context of abuse and neglect proceedings, the circuit court is the entity charged with weighing the credibility of witnesses and rendering findings of fact." *In re Emily*, 208 W.Va. 325, 339, 540 S.E.2d 542, 556 (2000) (*citing* Syl. Pt. 1, in part, *In re Travis W.*, 206 W.Va. 478, 525 S.E.2d 669 (1999)); *see also Michael D.C. v. Wanda L.C.*, 201 W.Va. 381, 388, 497 S.E.2d 531, 538 (1997) (stating that "[a] reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations."). In addition to the caseworker's testimony that petitioner complied with drug screens and visitation, the caseworker also testified that petitioner was "inconsistent" in attending drug rehabilitation, failed to attend individual parenting classes during her extended improvement period, and continued to live with S.D. who admitted to using cocaine and pain pills during his improvement period. This testimony was sufficient to establish that petitioner did not successfully complete her extended improvement period. Based on the record presented, we find no merit to petitioner's first assignment of error.

Related to this assignment of error, petitioner also alleges that the circuit court's oral summation of the May 15, 2015, hearing (made prior to the taking of testimony at the May 29, 2015, continued dispositional hearing) was erroneous. We disagree. As discussed above, while the circuit court heard testimony that petitioner complied with some aspects of her extended improvement period, the circuit court also heard testimony that she failed to comply with drug rehabilitation and individualized parenting classes. Therefore, the record on appeal supports the circuit court's oral summation that petitioner "[did] not successfully complete[] the extended improvement period."

Finally, petitioner argues that she was prohibited from presenting evidence at the May 29, 2015, dispositional hearing. We disagree. With regard to the Rules of Procedure for Child Abuse and Neglect Proceedings, this Court has stated that

> "[w]here it appears from the record that the process established by the Rules of Procedure for Child Abuse and Neglect Proceedings and related statutes for the disposition of cases involving children [alleged] to be abused or neglected

---

[3]This order was entered following the circuit court's final review hearing held March 27, 2015.

has been substantially disregarded or frustrated, the resulting order . . . will be vacated and the case remanded for compliance with that process and entry of an appropriate . . . order." Syllabus point 5, in part, *In re Edward B.*, 210 W.Va. 621, 558 S.E.2d 620 (2001).

Syl. Pt. 3, *In re Emily G.*, 224 W.Va. 390, 686 S.E.2d 41 (2009). West Virginia Code § 49-4-601, clearly provides that "[i]n any proceeding . . . the party . . . having custodial or other parental rights . . . to the child [must] be afforded a meaningful opportunity to be heard, including the opportunity to testify and to present and cross-examine witnesses." Here, petitioner was provided with notice of both dispositional hearings and cross-examined the DHHR's witness. Importantly, petitioner declined to present witnesses or evidence when given the opportunity by the circuit court at the continued dispositional hearing. For these reasons, we cannot find that the Child Abuse and Neglect Rules or statutory framework have been substantially disregarded or frustrated such that reversal is required. Therefore, for the foregoing reasons, we find no reversible error in this regard.

For the foregoing reasons, we find no error in the decision of the circuit court, and its June 3, 2015, order is hereby affirmed.

Affirmed.

**ISSUED**: **May 23, 2016**

**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

4